INTODUCTION

COMES NOW the movant Leslie John Fernandez [hereafter to be known as Fernandez] and moves this court pursuant to Title 28 USC § 2255 for an order vacating the judgement rendered in Criminal Case No. CR03-0594-001-SOM entered in this matter on August 4, 2006. Mr. Fernandez contends in this motion that he received ineffective assistance of counsel during the presentence phase of this proceeding.

This motion to vacate the judgement in this matter is supported by the files and records of this case; the declaration of Leslie John Fernandez; the Title 28 USC § 2241 motion filed in the United States Distict Court, District of Oregon Case No. CV06-1668-HA; and the Title 28 USC § 2255 motion submitted herein.

BACKGROUND

Mr. Fernandez was charged with Conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of Title 21 USC § 846 in the United States District Court for the District of Hawaii.

Mr. Fernandez ultimately plead guilty to charged offense and on July 31, 2006 the defendant appeared before the Honorable

Susan Oki Mallway, United States District Court Judge, for imposition of sentence

The court imposed a 97 month term of imprisonment on the charged offense to be followed by five years of supervised release. In addition, the court recommended that the defendant participate in the Bureau of Prisons (BOP) 500 Hour Comprehensive Drug Treatment Program (DAP) offered pursuant to 18 USC § 3621(b).

The hearing was concluded and the defendant was remanded into the custody of the U.S. Marshall Service for imposition of sentence.

Mr. Fernandez is currently confined at the Federal Correctional Institution (FCI) located in Sheridan, Oregon and he has a projected good conduct time release date of December 26, 2010.

## DISCUSSION

In this section 2255 motion Mr. Fernandez contends that he received ineffective assistance of counsel during the:

    1.) Presentence phase of the case; and,
    2.) At sentencing.

Each phase of the case shall be individually addressed in the order presented following a brief discussion of the relevant law.

## LAW AND ARGUMENT

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. See McMann v. Richardson, 397 U.S. 759, 771 (1970).

The United States Supreme Court has established a two-pronged test to evaluate ineffective assistance claims. See Stickland v. Washington, 466 U.S. 668, 687 (1984). In order to obtain a reversal of a conviction, a defendant must prove:

> 1.) That counsel's performance fell below an objective standard of reasonableness; and,

> 2.) Counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceedings.

A defendants failure to satisfy either prong of the Strickland test negates a court's need to consider the other. Id., at 697. See also Visciott v. Woodford, 288 F.3d 1097, 1105 (9th Cir. 2002).
////

In deciding whether an attorney's performance was ineffective, the court must consider the totality of the circumstances. Strickland, at 690. Nevertheless, the defendant must point to actual ineffectiveness, either through specific errors or omissions of counsel, and may not rely solely on the surrounding circumstances to prove ineffective assistance. See United States v. Cronic, 466 U.S. 648, 665 (1984).

In interpreting the prejudice prong, the Supreme Court has indentified a narrow category of cases in which prejudice is presumed:

> 1.) When there has been an actual of constuctive denial of the assistance of counsel altogether;
>
> 2.) When there are various kinds of government interference with counsel's assistance; and,
>
> 3.) When counsel is burdened by an actual conflict of interest.

See Smith v. Robbins, 528 U.S. 259, 287 (2000).

If prejudice is not presumed, the defendant must show that the attorney's errors were prejudicial and deprived the defendant of a "fair trial - a trial whose result is reliable." See Strickland, at 687.

-4-

This burden is generally met by showing that the outcome of the proceeding would have been different but for counsel's errors. See Williams v. Taylor, 529 U.S. 362, 391-393 (2000).

To prove prejudice, the defendant must establish a "reason probability" that but for counsel's unprofessional errors, the results of the proceeding would have been different. See Strickland, at 692.

### PRE-SENTENCE PHASE

Mr. Fernandez contends that he received ineffective assistance of counsel during the pre-sentence phase of this case because:

> 1.) Defense Counsel envoked, in behalf of the defendant Leslie J. Fernandez, the defendants Fifth Amendment right to remain silent - specifically instructing Mr. Fernandez to not answer the questions posed by the U.S. Probation Officer concerning his drug and alcohol use and abuse history.

> 2.) Defense counsel never advised Mr. Fernandez that by her invocation of his constitutional right to remain silent concerning his drug and alcohol use and abuse history during the pre-sentence interview; that he would forfeit the opportunity to participate in the Bureau of Prisons 500 Hour Residential Drug and Alcohol Treatment Program (DAP) authorized pursuant to 18 USC § 3621(b); and the one (1) year early release incentive authorized by congress pursuant to 18 USC § 3621(e)(2)(B).

3.) Defense counsel was unaware that Bureau of Prisons Program Statement (P.S.) 5330.10 mandates confirmation of Drug and/or Alcohol Abuse "in the Presentence Investigative Report" (PSR) as a predicate requirement for participation in the BOP's 500 Hour Drug and Alcohol Treatment Program.

4.) Defense counsel's error in envoking Mr. Fernandez Fifth Amendment right to remain silent during the presentence interview has grievantly harmed the petitioner by disqualifing him for the one (1) year sentence reduction authorized by 18 USC § 3621(e)(2)(B).

Mr. Fernandez was entitled to effective assistance of counsel at all critical stages of the prosecution. See McMann v. Richardson, 397 U.S. 759, 771 (1970).

The pretrial phase of a prosecution is considered a critical stage of the proceeding and is thus subject to Sixth Amendment protections.

In the criminal prosecution underlying this action Mr. Fernandez plead guilty to the charged offense and the court, after accepting the defendants plea, ordered the completion of a presentence investigative report in accordance with Title 18 USC § 3552; Rule 32(c) of the Federal Rules of Criminal Procedure; and Title 28 USC § 994.

////

Title 28 USC § 994(d)(5) requires that the U.S. Probation Officer inquire into the defendants background to collect information related to the defendants mental and physical health; and substance abuse and addiction.

During that questioning, the U.S. Probation Officer specifically asked the petitioner to particularize in detail, his exposure to, and use of drug's and alcohol.

As Mr. Fernandez started to answer the question, defense counsel immediately, without warning, cut off the defendant stating: "Under the advise of counsel, Mr. Fernandez declines to answer that question."

Mr. Fernandez was more than willing to answer the probation officers query, and started to respond, when he was cut-off by defense counsel.

The rest of the examination proceeded without defense counsel intervention and concluded shortly thereafter.

Once again, Mr. Fernandez was more than willing to disclose to the probation officer his history of drug and alcohol abuse, but that portion of the examination was curtailed by defense counsel.

////

As a result of defense counsel's actions, no reference to the petitioners extensive drug and alcohol abuse problem is reflected in the presentence report.

At Mr. Fernandez's sentencing hearing conducted on July 31, 2006 the defendant confessed to abusing drugs and alcohol, and this court recommended to the Bureau of Prisons that the defendant participate in the Bureau's 500 Hour Comprehensive Drug Treatment Program offered pursuant to 18 USC § 3621(b). The sentencing hearing concluded and the defendant was ultimately designated to the Federal Correctional Institution located in Sheridan, Oregon by the Bureau of Prisons.

Once at Sheridan, Mr. Fernandez made numerous request directed to prison officials seeking entry into the Bureau's 500 Hour Residential Drug and Alcohol Treatment Program in order to comply with the sentencing courts recommendation for comprehensive drug treatment during the period of his confinement.

Prison officials at FCI-Sheridan have refused to honor the sentencig courts recommendation to provide Mr. Fernandez with substance abuse and addiction treatment during the period of his imprisonment. In an attempt to compell the Warden at Sheridan to allow Mr. Fernandez to participate in the 500 Hour Residential Drug and Alcohol Treatment Program, the defendant was forced to

file a petition for a writ of habeas corpus pursuant to 28 USC § 2241 seeking entry into the drug treatment program. (See Movants Exhibit B). Counsel was appointed to assist Mr. Fernandez by the United States District Court for the District of Oregon.

The sole basis for Mr. Fernandez's exclusion from the 500 Hour Residential Drug and Alcohol Treatment Program by the Bureau of Prison's at this time rests on the fact that no drug or alcohol abuse history was recorded in the defendants presentence report. (See Movants Exhibit C).

BOP rule's require confirmation of substance abuse and/or addiction in the presentence report. (See BOP Program Statement 5330.10). Without confirmation of substance and/or addiction in the presentence report, inmates at Sheridan are categorically excluded from participation in the Bureau's comprehensive drug treatment program.

As a direct result of defense counsel excited utterance: "Under the Advice of Counsel, the Defendant will Not Answer that Question." Mr. Fernandez has been denied the right to participate in drug and alcohol abuse treatment and the one (1) year early release incentive offered to federal prisoners by Congress pursuant to 18 USC § 3621(e)(2)(B) for successful participation in the Bureau's comprehensive drug treatment program.
////

Any competent, proficient defense attorney practicing in Federal Court should be aware of the Bureau of Prison's basic requirements to qualify a defendant for substance abuse and addiction treatment during imprisonment. That knowledge is essential to ensure that their clients recieve the substance abuse treatment they need during there detention and establishes the right of non-violent offenders to the one-year sentence reduction authorized by Congress for successful participation in the Bureau's substance abuse program.

It was clearly an error for defense counsel to object to the probation officers line of questioning concerning Mr. Fernandez's drug and alcohol use. No harm would have been suffered by the defendant by answering that question and this error by defense counsel has resulted in substantial litigation in the United States District Court for the District of Oregon concerning the Bureau's DAP program requirements; and their refusal to provide substance abuse and addiction treatment to Mr. Fernandez during his confinement. Mr. Fernandez has been grievously prejudiced by the actions of his defense counsel and may-in-fact suffer the loss of the one-year early release entitlement that he would have been entitled to pursuant to 18 USC § 3621(e). (See Movants Exhibit).

Mr. Fernandez's claim of ineffective legal assistance with respect to the presentence interview necessarily hinges on events and conversations that took place out of the courtroom, and off

the official court record.

Pursuant to Title 28 USC § 2255, a district court must grant a hearing to determine the validity of a motion brought under this section, "... Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Title 28 USC § 2255. "An evidentiary hearing is **required** if the motion states a claim based on matters outside the record, or events that occured outside the courtroom." See Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988); See also Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

In deciding whether the defendant is entitled to an evidentiary hearing on his claim regarding counsel's error in not allowing Mr. Fernandez' to respond to the probation officers routine questions, the district court should determine whether, accepting the truth of the defendants factual allegations, he could prevail on an ineffective assistance of counsel claim.

The Sixth Amendment guarantees a criminal defendant the right to be represented by effective assistance of counsel. The allegations as set forth by Mr. Fernandez, because they are true, would allow him to meet the first prong of the Strickland test.

To satisfy the second prong, a defendant must show that but for counsels statement, he would have talked to the probation

-11-

officer and disclosed his drug and alcohol use.

Because Mr. Fernandez's claim raises facts which occured outside the courtroom, and off the official court record, the court should hold an evidentiary hearing on this issue.

At the evidentiary hearing Mr. Fernandez would bear the burden of showing that he would have talked to the probation officer and disclosed his personal drug and alcohol use history but not for the actions of defense counsel; and that he was prejudiced by counsel's error in that the outcome of this case would have been more favorable to Mr. Fernandez.

Factors that this court should consider in assessing whether Mr. Fernandez would have in all reasonable probability discussed his personal drug and alcohol use history with the probation officer, should include the disparity between the actual sentence imposed, and the one (1) year sentence reduction he would have realized, if he had discussed his drug and alcohol use with the probation officer.

Wherefore Mr. Fernandez respectfully requests that this court grant an evidentiary hearing on this claim to determine the applicable facts in order to determine if he can meet the two pronged test of <u>Strickland</u> with respect to this claim.

////

## REQUEST FOR APPOINTMENT OF COUNSEL

Mr. Fernandez now moves this court for appointment of counsel pursuant to Title 18 USC § 3006(A) of the Criminal Justice Act.

Appointment of counsel is authorized at any stage of a section 2255 motion in the interest of justice.

Therefore in the interest of justice and fairplay the petitioner respectfully requests the appointment of counsel for the remainder of this section 2255 motion.

## CONCLUSION

Mr. Fernandez did not receive the effective assistance of counsel as mandated by the Sixth Amendment. Defense counsel **Should have known** that the Bureau of Prisons program statement governing DAP eligibility required proof of drug and/or alcohol abuse **in the presentence report** as a predicate requirement for drug treatment. With out confirmation of substance abuse in the presentence report, Mr. Fernandez has been denied the right to participate in substance abuse treatment during his imprisonment.

Two viable alternatives exist to resolve this dispute. 1.) to amend the presentence report post-conviction to reflect the

-13-

fact that Mr. Fernandez used drug's and consumed alcohol the day before he was arrested on the instant offense; or 2.) Vacate the judgement in this matter and allow Mr. Fernandez to plea anew which would require the preparation of a new presentence report that **would** include information about Mr. Fernandez's drug and alcohol abuse history.

Mr. Fernandez should not be prejudiced by the imperceptive ignorance of counsel. Defense counsel should have known what the BOP requirements were for drug and alcohol abuse treatment; and she should have relayed that information to the defendant **before** the presentence interview to properly preserve the defendants right to drug and alcohol abuse treatment during his imprisonment, but she did not.

FOR THES REASONS this court should grant Mr. Fernandez's a full evidentuary hearing to determine if the defendant can meet the two prong test of Strickland in regard to this claim, or to determine if another form of relief is more suitable to resolve this dispute.

DATED this _21_ day of July 2007 in Sheridan, Oregon.


Respectfully Submitted,

_(signature)_
Leslie J. Fernandez, 95080-022
FCI-Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000