# FEDERAL PUBLIC DEFENDER
## DISTRICT OF OREGON

101 SW Main Street, Suite 1700
Portland OR 97204
503-326-2123 / Fax 503-326-5524

Branch Offices:

151 W. 7th, Suite 510
Eugene, OR 97401
541-465-6937
Fax 541-465-6975

15 Newtown Street
Medford, OR 97501
541-776-3630
Fax 541-776-3624

STEVEN T. WAX
Federal Public Defender
STEPHEN R. SADY
Chief Deputy Defender
Steven Jacobson
Bryan E. Lessley ▲
Nancy Bergeson
Christopher J. Schatz
Ellen C. Pitcher
Craig Weinerman ▲
Mark Bennett Weintraub ▲
Gerald M. Needham
Thomas J. Hester
Ruben L. Iñiguez
Anthony D. Bornstein

Lisa Hay
Tonia L. Moro+
Susan Russell
Patrick Ehlers
Francesca Freccero
C. Renée Manes
Amy Baggio
Caroline Davidson
Nell Brown
Kristina Hellman
Lynn Deffebach★
Michelle Sweet★
▲ Eugene Office
+ Medford Office
★ Research/Writing Attorney


July 3, 2007

Leslie John Fernandez
Reg. No. 95080-022
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000

Re: *Leslie John Fernandez v. Charles Daniels*
CV 06-1668-HA

Dear Mr. Fernandez:

Please find enclosed pleadings we have filed in your case to date. If you have any questions, please do not hesitate to give us a call.

Sincerely,

Jill C. Dozark
Legal Assistant

enclosures
O:\Client\Sady\BOP.DAP Cases\Fernandez\Corr\client.ltr.5.wpd

**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LESLIE JOHN FERNANDEZ,** | **Civ. No. 06-1668 HA** |
| **Petitioner,** | **MOTION FOR EXTENSION OF TIME** |
| **vs.** | |
| **CHARLES DANIELS, Warden, FCI Sheridan,** | |
| **Respondent.** | |

The petitioner, through counsel, Stephen R. Sady, respectfully moves this Court for an order extending the deadline for filing responsive pleadings in the above-entitled case, which are currently due to be filed March 6, 2007. A ten day extension, to March 16, 2007, is needed to complete the exchange of information with the government and continue

negotiating towards resolution. The respondent, through Assistant U.S. Attorney Scott Asphaug, has no objection to the requested extension.

RESPECTFULLY SUBMITTED this 6th day of March, 2007.

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LESLIE JOHN FERNANDEZ,** | **Civ. No. 06-1668 HA** |
| **Petitioner,** | **MOTION FOR EXTENSION OF TIME** |
| **vs.** | |
| **CHARLES DANIELS, Warden, FCI Sheridan,** | |
| **Respondent.** | |

The petitioner, through counsel, Stephen R. Sady, respectfully moves this Court for an order extending the deadline for filing responsive pleadings in the above-entitled case, which were currently due to be filed March 6, 2007. A ten day extension, to March 16, 2007, was requested on March 6, 2007, however, there has not been a ruling on that request. At

this time, a further one week extension, to March 23, 2007, is requested to continue and complete the exchange of information with the government and continue negotiating towards resolution. The respondent, through Assistant U.S. Attorney Scott Asphaug, joins in the requested extension.

RESPECTFULLY SUBMITTED this 16th day of March, 2007.

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LESLIE JOHN FERNANDEZ,** | **Civ. No. 06-1668 HA** |
| **Petitioner,** | **REPLY TO RESPONDENT'S ANSWER** |
| **vs.** | |
| **CHARLES DANIELS, Warden, FCI Sheridan,** | |
| **Respondent.** | |

**Introduction**

Mr. Fernandez is being denied participation in the drug abuse program and eligibility for the sentence reduction because he did not discuss his pre-arrest drug use with the Probation Office upon the advice of counsel. The other justification proffered by the BOP

for his disqualification are not supported by the record nor are they consistent with BOP regulations. The BOP has taken extraordinary measures to deny Mr. Fernandez the treatment that he has requested, that the sentencing judge recommended, and that Congress encouraged. Although the disqualification in this case raises serious constitutional concerns because it is in part based on his invocation of Fifth and Sixth Amendment rights, the Court should grant relief based on the factual record, which clearly demonstrates that Mr. Fernandez had a history of drug abuse prior to commitment. The BOP's failure to accept this documentation is inconsistent with BOP rules and is arbitrary and an abuse of discretion under *Kuna v. Daniels*, 234 F.Supp.2d 1211, 1221-22 (D. Or. 2000).

**A. The Record Provides Ample Verification That Mr. Fernandez Abused Drugs Prior To His Arrest.**

The BOP's claims that the record does not verify that he abused drugs prior to his arrest are incorrect. The following citations from the record fully document a history of drug abuse:

1. The District Court's recommendation in the Judgment that Mr. Fernandez participate in the 500-Hour Comprehensive Drug Treatment Program (Exhibit A at 2);
2. The imposition of special conditions of supervision to include drug and alcohol treatment (Exhibit A at 4);
3. Mr. Fernandez is "coded as being judicially required to take Drug Education" (Exhibit B);

4. "[T]he defendant has submitted 2 certificates of completion for a total of 8 hours of drug presentence and substance abuse treatment programming which he completed while he was confined at the Federal Detention Center (FDC) Honolulu" (Exhibit C at paragraph 58 (presentence report filed under seal)).

The Court's DAP recommendation, the requirement that he take drug treatment, and imposition of special conditions of supervision is necessarily, in effect, a finding that Mr. Fernandez had a drug abuse problem and provides sufficient documentation under BOP rules. According to Beth Weinman, the National DAP Coordinator, "[statements by] the sentencing judge are examples of acceptable documents." Weinman Declaration at 3.

Participation in drug treatment while awaiting sentencing certainly provides verification that Mr. Fernandez had a drug problem prior to his arrest. Again, Beth Weinman declared that past treatment is acceptable verification. Weinman Declaration at 3. The record in this case fully verifies that Mr. Fernandez abused drugs prior to his arrest, thereby qualifying him as a DAP-eligible prisoner.

**B. The Proffered Reasons For Disqualification Are Misguided.**

The BOP has resorted to distortions and speculation to deny Mr. Fernandez treatment. The stated reasons for the denial are as follows:

> Comments: Mr. Fernandez' PSI states the following: *Upon the advice of counsel, the defendant declined to comment on the issue of substance abuse. However, the defendant has submitted 2 certificates of completion for a total of 8 hours of drug prevention and substance abuse treatment which he completed while he was confined at the Federal Detention Center (FDC) Honolulu.*

> The Psychology Data System and SENTRY provide no documentation about the completion of any drug treatment or education programming. The inmate was not coded as being *judicially required* to take Drug Education until he arrived at FCI Sheridan. The Chief Psychologist at FDC Honolulu was consulted about the parameters of the programming Mr. Fernandez received. She indicated he completed two modules of an informal education based service provided to pretrial and presentence inmates. She also stated those modules do not constitute Drug Treatment and do not involve a group process or a psychotherapeutic component.
>
> Therefore, the standard is not met for a documented history of drug use within a year prior to Mr. Fernandez' arrest and he is not currently considered eligible for the Residential Drug Treatment Program. He will be advised of the range of other drug treatment services and programs offered at FCI Sheridan. He will also be informed of what constitutes a documented history and offered the opportunity to provide such documentation.

Pet. Exhibit B (emphasis added). These grounds are remarkable because the disqualification itself verifies that Mr. Fernandez abused drugs immediately prior to his arrest. Dr. Evenson's focus on the quality of the programming and whether Mr. Fernandez completed it does nothing to negate the fact that Mr. Fernandez was accepted into a program for the prevention and treatment of drug abuse – ample verification of a history of abuse. Dr. Evenson continues with the misguided conclusion that, because Mr. Fernandez was not coded as being judicially required to take Drug Education until he arrived at FCI Sheridan, he is ineligible for DAP. Again, when he was "coded" is irrelevant; what matters is that the BOP has recognized that Mr. Fernandez is judicially required to take drug treatment.

In his declaration, Dr. Evenson also refers to a letter written by Mr. Fernandez regarding his involvement with drugs and concludes that "[n]ow, being sober" "does not indicate substances were used." Evenson Declaration at 3. Dr. Evenson's reading of this

statement defies logic. Dr. Evenson continues to state that, even if that statement indicated drug abuse, it is insufficient because it does not identify which drugs were used. The plain and natural import of the statement establishes drug use.

The contrary reading of the record to deny a prisoner participation in a rehabilitation program is unfounded. By ignoring and distorting the record to deny the prisoner residential drug treatment is arbitrary, capricious, an abuse of discretion, and contrary to the BOP's own rules.

### C. Mr. Fernandez Provided Additional Documentation Of Prior Drug Use That Was Unjustly Rejected By The BOP.

In an effort to resolve this case administratively, counsel for the petitioner contacted Mr. Fernandez's prior attorney regarding the advice not to mention drug usage during the pre-sentence interview. Counsel explained that her advice was completely unrelated to his drug abuse history and that she recalls that Mr. Fernandez used cocaine, marijuana, and methamphetamine prior to his arrest (Exhibit D (filed under seal)). The BOP has refused to administratively resolve this matter even with this statement.

The denial of DAP in the face of overwhelming judicial documentation appears inexplicable. The express reliance on assertion of rights at sentencing would provide an unconstitutional basis for the denial. The BOP cannot punish Mr. Fernandez for remaining silent as to his drug abuse in violation of his Fifth Amendment rights. *Mitchell v. United States*, 526 U.S. 314, 324-25 (1999); *see United States v. Prescott*, 581 F.2d 1343, 1351 (9th

Cir. 1981). Additionally, using silence on the advice of counsel as grounds to disqualify a prisoner infringes on the attorney-client relationship in violation of the Sixth Amendment.

**Conclusion**

The BOP's actions in this case to deny a prisoner the opportunity for drug treatment violate well-established principles requiring rational administration of prison programs as well as the statutory requirement that the BOP "shall" place prisoners in appropriate treatment. The BOP ignores the sentencing court's findings, distorts the documented history of drug abuse and treatment, and rejects a statement from Mr. Fernandez's attorney that puts the events in context. This Court has previously granted relief where the BOP exceeded the requirements of the program statement to require additional verification beyond that required by the DAP program statement. *Kuna*, 234 F.Supp.2d at 1169 (citing *Bowen v. Hood*, 202 F.3d 1211, 1221-22 (9th Cir.2000) (treating unambiguous language in a program statement as binding upon the BOP)); *see also Mitchell v. Andrews*, 235 F.Supp.2d 1085, 1092 (E.D.Cal. 2001). For the same reasons, the petition should be granted here because the BOP has acted arbitrarily in denying petitioner eligibility and imposing additional eligibility requirements not contained in its program statements.

RESPECTFULLY SUBMITTED this 20th day of March, 2007.

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

# EXHIBIT A

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 7 2006
at 10 o'clock and 05 min. __M
SUE BEITIA, CLERK

# United States District Court

## District of Hawaii

UNITED STATES OF AMERICA
v.
LESLIE JOHN FERNANDEZ, JR.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 1:03CR00594-001
USM Number: 95080-022
Pamela O'Leary Tower Esq.
Defendant's Attorney

**THE DEFENDANT:**

[✔] pleaded guilty to count: 1 of the Superseding Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 | Conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine | 12/11/03 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔] Count 3 of the Superseding Indictment is dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 31, 2006
Date of Imposition of Judgment

Susan Oki Mollway
Signature of Judicial Officer

SUSAN OKI MOLLWAY, United States District Judge
Name & Title of Judicial Officer

AUG 0 4 2006
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of NINETY SEVEN (97) MONTHS .

[✔] The court makes the following recommendations to the Bureau of Prisons:
1) Sheridan; 2) Lompoc; 3) Florence, Co.; 4) 500 Hour Comprehensive Drug Treatment Program; 5) Vocational and Educational Programs.

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] the interest requirement is waived for the [ ] fine [ ] restitution

[ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ _ due immediately, balance due
[ ] not later than _ , or
[ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below, or

B [✔] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D [ ] Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM JAN 04
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| To: FERNANDEZ, Leslie John Jr. | Reg No.: 95080-022 |
| From: E. Evenson Psy.D. | Institution: FCI Sheridan |
| Title: DAPC | Date: 12/12/06 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates you (__ **DO** _x_ **DO NOT**) meet the admission's criteria for the Residential Drug Abuse Program. It appears you (___ **DO** _x_ **DO NOT**) qualify to participate in the Residential Program. State the reason(s) below.

Comments: Mr. Fernandez' PSI states the following: *Upon the advice of counsel, the defendant declined to comment on the issue of substance abuse. However, the defendant has submitted 2 certificates of completion for a total of 8 hours of drug prevention and substance abuse treatment which he completed while he was confined at the Federal Detention Center (FDC) Honolulu.*

The Psychology Data System and SENTRY provide no documentation about the completion of any drug treatment or education programing. The inmate was not coded as being judicially required to take Drug Education until he arrived at FCI Sheridan. The Chief Psychologist at FDC Honolulu was consulted about the parameters of the programing Mr. Fernandez received. She indicated he completed two modules of an informal education based service provided to pretrial and presentence inmates. She also stated those modules do not constitute Drug Treatment and do not involve a group process or a psychotherapeutic component.

Therefore, the standard is not met for a documented history of drug use within a year prior to Mr. Fernandez' arrest and he is not currently considered eligible for the Residential Drug Treatment Program. He will be advised of the range of other drug treatment services and programs offered at FCI Sheridan. He will also be informed of what constitutes a documented history and offered the opportunity to provide such documentation.

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| | |
|---|---|
| _X_ Not an INS detainee. | _x_ Not a pre-trial inmate. |
| _x_ Not a contractual boarder. | _x_ Not an "old law" inmate. |
| __ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | __ Not a crime of violence as contained in BOP policy.<br>__ Not an excluding crime by the Categorization of Offenses policy.<br>__ Director's discretion in Categorization of Offenses policy. |
| __ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it(__ **DOES** _X_ **DOES NOT**) appear you are provisionally eligible for early release.

Comments:

**If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.**

| | |
|---|---|
| Inmate's Signature (indicate if refused to sign)<br>X Leslie J. Fernandez Jr. | Refused to sign<br>___ Yes ___ No |

# EXHIBIT C

**(filed under seal)**

# EXHIBIT D

(filed under seal)

**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**
**Attorney for Petitioner**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**LESLIE JOHN FERNANDEZ,**

**Petitioner,**

**vs.**

**CHARLES DANIELS, Warden,**
**FCI Sheridan,**

**Respondent.**

**Civ. No. 06-1668 HA**

**MOTION TO SEAL**

The defendant, through his attorney, Stephen R. Sady, respectfully moves this Court for an order sealing Petitioner's Exhibit C, the Presentence Report, and Petitioner's Exhibit D, a letter containing attorney/client material. *United States v. Schlette*, 842 F.2d 1574, 1581 (9th Cir. 1988); Fed. R. Civ. Pro. Local Rule 3.9.

RESPECTFULLY SUBMITTED this March 20, 2007.

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Defendant

FILED'07 MAR 23 11:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE JOHN FERNANDEZ,

Petitioner,

vs.

CHARLES DANIELS, Warden, FCI Sheridan,

Respondent.

Civ. No. 06-1668 HA

ORDER TO SEAL

THIS MATTER having come before the Court on motion of the defendant requesting that the Presentence Report and a letter containing attorney/client material be filed under seal,

IT IS HEREBY ORDERED that the Presentence Report and a letter containing attorney/client material be filed under seal.

DATED this 23 day of March, 2007.

The Honorable Ancer L. Haggerty
Judge, U.S. District Court

Submitted by:

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Defendant

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM JAN 04
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| To: FERNANDEZ, Leslie John Jr. | Reg No.: 95080-022 |
| From: E. Evenson Psy.D. | Institution: FCI Sheridan |
| Title: DAPC | Date: 12/12/06 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates you (__ **DO** _x_ **DO NOT**) meet the admission's criteria for the Residential Drug Abuse Program. It appears you (___ **DO** _x_ **DO NOT**) qualify to participate in the Residential Program. State the reason(s) below.

Comments: Mr. Fernandez' PSI states the following: *Upon the advice of counsel, the defendant declined to comment on the issue of substance abuse. However, the defendant has submitted 2 certificates of completion for a total of 8 hours of drug prevention and substance abuse treatment which he completed while he was confined at the Federal Detention Center (FDC) Honolulu.*

The Psychology Data System and SENTRY provide no documentation about the completion of any drug treatment or education programing. The inmate was not coded as being judicially required to take Drug Education until he arrived at FCI Sheridan. The Chief Psychologist at FDC Honolulu was consulted about the parameters of the programing Mr. Fernandez received. She indicated he completed two modules of an informal education based service provided to pretrial and presentence inmates. She also stated those modules do not constitute Drug Treatment and do not involve a group process or a psychotherapeutic component.

Therefore, the standard is not met for a documented history of drug use within a year prior to Mr. Fernandez' arrest and he is not currently considered eligible for the Residential Drug Treatment Program. He will be advised of the range of other drug treatment services and programs offered at FCI Sheridan. He will also be informed of what constitutes a documented history and offered the opportunity to provide such documentation.

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| | |
|---|---|
| _X_ Not an INS detainee. | _x_ Not a pre-trial inmate. |
| _x_ Not a contractual boarder. | _x_ Not an "old law" inmate. |
| __ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | __ Not a crime of violence as contained in BOP policy.<br>__ Not an excluding crime by the Categorization of Offenses policy.<br>__ Director's discretion in Categorization of Offenses policy. |
| __ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it(__ **DOES** _X_ **DOES NOT**) appear you are provisionally eligible for early release.

Comments:

**If applicable, I understand that a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.**

| | |
|---|---|
| Inmate's Signature (indicate if refused to sign) | Refused to sign ___ Yes ___ No |

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file); Inmate

ATTACHMENT 1
SHE 1330.13 a
March 4, 1998

INFORMAL RESOLUTION

NOTICE TO INMATE: You are advised that prior to filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor.

1. STATE BELOW YOUR SPECIFIC COMPLAINT: I want to appeal the provisional BOP decision which deny's me the opportunity to participate in RDAP at FCI-Sheridan.

2. STATE WHAT ACTION YOU WANT STAFF TO TAKE TO CORRECT THE SITUATION. Revisit my RDAP eligibility determination and qualify me to participate in DAP based upon the judicial recommendation I received at sentencing and the recent letter from my attorney.

3. WHAT EFFORTS HAVE YOU MADE TO RESOLVE YOUR COMPLAINT INFORMALLY? My attorney has discussed this issue with DAP program staff, the U.S Attorneys Office and BOP Attorneys located at Sea-Tac, Washington.

INMATE'S NAME: Leslie Fernandez REG. # 95080-022 UNIT: 4A DATE: 4/29/2007

**************************************************************************

4. CORRECTIONAL COUNSELOR'S COMMENTS.
INDICATE BELOW WHAT STEPS WERE TAKEN TO INFORMALLY RESOLVE THE ISSUE. INCLUDE PROGRAM STATEMENTS REFERENCED OR OTHERWISE UTILIZED IN THE ATTEMPT TO INFORMALLY RESOLVE THE ISSUE.

See Attachment

INFORMAL RESOLUTION WAS/WAS NOT (CIRCLE ONE) ACCOMPLISHED FOR THE FOLLOWING REASON;

CORRECTIONAL COUNSELOR: [signature] UNIT MANAGER: [signature]

DATE: 5-13-07

# RESPONSE TO INFORMAL RESOLUTION

Inmate FERNANDEZ, Leslie, Reg. No. 95080-022, Dated 04-29-2007

Chapter 4, page 2 (a)(1) of PS 5330.010indicates "The inmate must have a verifiable **documented** drug abuse problem." The BOP interprets that as a documented history of use of the same substance you are currently reporting being used within one year prior to your arrest or self-surrender

"Upon the advice of counsel, you declined to comment on the issue of substance abuse."

You are free to participate in one of the Non Residential Treatment Programs such as Drug Ed, AA or NA.

Staff Signature: R. Houk

Date: 5-10-07

**FERNANDEZ, Leslie John Jr.**
**Reg. No. 95080-022 (4a)**

**REQUEST FOR ADMINISTRATIVE REMEDY**

**Part B-RESPONSE** **SHE 453963-F1**

This is in response to your Request for Administrative Remedy dated May 14, 2007, wherein you request to appeal the determination that you are unqualified for the Residential Drug and Alcohol Program (RDAP).

A thorough investigation has been conducted into your request. Program Statement 5330.10, Drug Abuse Programs Manual, specifically indicates, "there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis [of substance abuse or dependence]." In your particular case there is no documented history of use. Therefore, you have not been formally diagnosed yet because your history of use cannot be verified.

Therefore, your Request for Administrative Remedy is denied. If dissatisfied with this response, you may appeal to the Western Regional Director, 7950 Dublin Blvd., 3rd Floor, Dublin, CA 94568. Your appeal must be received in the Western Regional Director's office within 20 calendar days of the date of this response.

5-31-07
Date

Charles A. Daniels, Warden

**U.S. Department of Justice**

Federal Bureau of Prisons

**Request For Administrative Remedy**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: [illegible] — LAST NAME, FIRST, MIDDLE INITIAL | [illegible] — REG. NO. | 4A — UNIT | [illegible] — INSTITUTION

**Part A– INMATE REQUEST** [illegible] unit team and DAP program coordinator which deny me the opportunity to participate in the 500 hour Residential Drug and Alcohol [illegible] (RDAP) [illegible] [illegible] year of my arrest. [illegible] 18 USC § 3621(b) [illegible] my "documented" [illegible] [illegible] RDAP.

5/19/2007 — DATE

[illegible] — SIGNATURE OF REQUESTOR

**Part B– RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: ______

**Part C– RECEIPT**

CASE NUMBER: [illegible]

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 28, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
WESTERN REGIONAL OFFICE

TO : LESLIE JOHN FERNANDEZ JR, 95080-022
SHERIDAN FCI UNT: UNIT 4 QTR: D01-132U

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL IDENTIFIED BELOW:

REMEDY ID : 453963-R1
DATE RECEIVED : JUNE 25, 2007
RESPONSE DUE : JULY 25, 2007
SUBJECT 1 : SUBSTANCE ABUSE PROGRAMS
SUBJECT 2 :
INCIDENT RPT NO: