```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

LESLIE J. FERNANDEZ,           )    CIVIL NO. 07-00395 SOM/LEK
                               )    CRIM NO. 03-00594 SOM
              Petitioner,      )
      v.                       )
                               )
UNITED STATES OF AMERICA,      )    ORDER DENYING PETITIONER'S 28
                               )    U.S.C. § 2255 PETITION
              Respondent.      )
_____)
```

ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 PETITION

I.      INTRODUCTION.

On July 24, 2007, Leslie John Fernandez filed a petition under 28 U.S.C. § 2255. Fernandez argues that his counsel, Pamela Tower, was ineffective when she advised him not to answer a probation officer's questions regarding Fernandez's alcohol use and abuse history in connection with the preparation of his presentence report. See Motion at 5. Fernandez posits that, because the presentence report did not reflect his drug or alcohol abuse history, he was denied admission into the Bureau of Prisons 500-Hour Comprehensive Drug Treatment Program ("BOP RDAP"), despite the court's recommendation that he participate in that program. See Motion at 9. Fernandez seeks either an amendment of his presentence report to reflect his drug and alcohol use, or vacation of his sentence and judgment so that he can plead anew, requiring "a new presentence report that would

include information about Mr. Fernandez's drug and alcohol abuse history." Motion at 13-14.

Fernandez's petition is denied. To the extent Fernandez is challenging the manner in which the Bureau of Prisons is implementing his sentence, a § 2255 petition is not the proper vehicle for such a challenge. To the extent Fernandez is seeking amendment of the presentence report to accurately reflect his drug use history, the petition is denied. Fernandez waived his right to contest the presentence report and, in any event, does not establish that he would likely have been better off had the information been included in the original presentence report. In other words, Fernandez does not establish ineffective assistance of counsel in connection with the presentence report.

II.     FACTUAL BACKGROUND.

On December 23, 2003, Fernandez was indicted by a grand jury on one count of conspiring to distribute and to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. See Indictment (Dec. 23, 2003). In 2004, Fernandez entered into a plea agreement with the Government. In his plea agreement, Fernandez waived all rights to appeal his sentence, or the manner in which his sentence was determined, unless the court imposed a sentence that exceeded the guideline range the court found applicable. See Memorandum of Plea Agreement ¶ 13 (Sep. 3,

2004). Fernandez also waived his right to collaterally attack his sentence, except based on a claim of ineffective assistance of counsel or if the court imposed a sentence that exceeded the guideline range. Id.

After pleading guilty pursuant to the terms of his plea agreement, Fernandez was questioned by a probation officer who was preparing a presentence report for this court. See Motion at 5-6. During questioning, Fernandez allegedly was asked about his exposure to and use of drugs and alcohol. Id. at 7. Fernandez alleges that Ms. Tower advised him not to answer those questions, even though Fernandez says he "was more than willing to answer the probation officer[']s query . . . ." Id.

The presentence report states,

> Upon the advice of counsel, the defendant declined to comment on the issue of substance abuse. However, the defendant has submitted 2 certificates of completion for a total of 8 hours of drug prevention and substance abuse treatment programming which he completed while he was confined at the Federal Detention Center (FDC) Honolulu.

Presentence Report ¶ 57 (July 31, 2006). The presentence report calculated a total offense level and criminal history category that yielded a guideline range of incarceration of 210 to 262 months.

On July 28, 2006, the Government moved for a downward departure based on Fernandez's substantial assistance. On July 31, 2006, the court granted the motion for downward departure and

sentenced Fernandez to 97 months of incarceration, followed by five years of supervised release. Judgment was entered on August 4, 2006. <u>See</u> Judgment (Aug. 4, 2006). The court ordered Fernandez to pay a $100.00 assessment and also recommended that Fernandez participate in the BOP RDAP. Fernandez did not appeal and is serving his sentence in the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). <u>See</u> Motion at 1, 2.

        Fernandez allegedly sought admission into the BOP RDAP at FCI Sheridan. <u>See</u> <u>id.</u> at 8. Fernandez was allegedly told that he did not qualify for the BOP RDAP because he did not have a "documented history of drug use within a year prior to [his] arrest." <u>See</u> Residential Drug Abuse Program Notice To Inmate, Attached as Ex. D to Motion. Fernandez contends that the "sole basis" for his exclusion from the program is that "no drug or alcohol abuse history was recorded in the defendant[']s presentence report." Motion at 9. He says that the lack of such information in his presentence report caused him to be "categorically excluded" from the BOP RDAP. <u>Id.</u>

        Still seeking admission into the BOP RDAP, Fernandez submitted an "Informal Resolution" to his correctional counselor. <u>See</u> Ex. D attached to Motion. His correctional counselor reiterated the denial of admission into the program. Fernandez then requested an administrative remedy from the Warden of FCI

Sheridan.  See Ex. D attached to Motion.  That request for administrative remedy was denied.  Fernandez also brought a § 2241 petition in the District Court of Oregon "[i]n an attempt to [compel] the Warden at Sheridan to allow Mr. Fernandez to participate in the [BOP RDAP]. . . ."  Motion at 8-9; Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241, Fernandez v. Daniels, Civ. No. 06-1668-HA (Nov. 17, 2006).  The court takes judicial notice of the docket located on the District of Oregon's CM/ECF system.  That docket establishes that the court in Oregon has not adjudicated Fernandez's § 2241 petition.

In the petition before this court, Fernandez seeks to amend his presentence report to accurately reflect his drug and alcohol use, or to vacate his sentence and judgment so that he can plead anew and have another presentence report prepared reflecting his drug and alcohol abuse history.  Motion at 13-14.  Fernandez also asks for appointment of counsel.  Id. at 13.  Effectively, Fernandez seeks amendment of the presentence report in the hope of being admitted to the BOP RDAP.

III.     STANDARD OF REVIEW.

A petitioner has the right to bring a petition under § 2255 when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

If a § 2255 petition, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the petition.  See 28 U.S.C. § 2255; see also United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990) ("To warrant an evidentiary hearing, a petitioner must 'make specific factual allegations which, if true, would entitle him to relief.'") (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982)).  If "the record conclusively shows [petitioner's] motion to be without merit," then no hearing is necessary.  United States v. Donn, 661 F.2d 820, 825 (9th Cir. 1981).  Only when the petitioner has "made reasonably plausible factual allegations that state a claim on which relief could be granted" must the court hold a hearing.  Id. at 825; see also Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

IV.     ANALYSIS

To the extent Fernandez argues that his presentence report should be amended so that he can gain admission into the BOP RDAP, Fernandez's arguments involve the execution of his sentence (admission into the BOP RDAP), not the sentence itself. Because a § 2255 petition must be brought for the purpose of amending, vacating, or attacking a sentence, not for executing or administering a sentence, Fernandez may not use § 2255 to seek amendment of the presentence report solely to gain admission into the BOP PRDAP.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

Fernandez waived his right to challenge the presentence report when he did not object to the presentence report at or before sentencing or on direct appeal, Donn, 661 F.2d at 825, and through his plea agreement.  To the extent Fernandez argues that his counsel was ineffective in connection with the preparation of the presentence report, Fernandez fails to meet his burden in making this claim.

                        1.   Fernandez May Not Seek Amendment of the Presentence Report Under § 2255.

Section 2255 is not the proper vehicle for seeking an amendment to the presentence report.  The presentence report "provides the trial judge with as much information as possible in order to enable the judge to make an informed decision" when sentencing the defendant.  United States v. Herrera-Figueroa, 918

F.2d 1430, 1435 (9th Cir. 1990) (quoting <u>United States v. Belgard</u>, 894 F.2d 1092, 1097 (9th Cir. 1990)).  Because Fernandez is not arguing that his sentence was imposed in violation of the Constitution or any law, that the court lacked jurisdiction to impose the sentence, or that the sentence was in excess of the maximum imposed by law, § 2255 is inapplicable.  <u>See</u> 28 U.S.C. § 2255.

The court sentenced Fernandez to 97 months of incarceration and five years of supervised release.  <u>See</u> Judgment.  The court recommended that Fernandez be admitted into the BOP RDAP.  Admission into that program is in the Bureau of Prisons' discretion, and the Bureau of Prisons need not follow this court's recommendations.  <u>See</u> <u>Simpson v. United States</u>, 2005 WL 3159657, *17 (N.D.N.Y. Nov. 25, 2005) ("This Court is well aware that the ultimate decision as to whether an inmate will be accepted into the BOP's Drug Treatment Program rests with the BOP.").  Fernandez's argument is a challenge to the execution of this court's sentence.  Petitions challenging "the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court," which is the district court in which the prison where the defendant is incarcerated is located.  <u>Hernandez</u>, 204 F.3d at 864; <u>see also</u> <u>United States v. Stevens</u>, 559 F. Supp 1007, 1014 (D. Kan. 1983) ("Although a § 2255 motion is an appropriate method to challenge the validity

of a sentence, it is not available to attack the manner of its execution."). Section 2255 simply does not apply to this request to amend a presentence report to gain admission into any BOP program. The appropriate court for Fernandez's challenge to the execution of his sentence is the United States District Court for the District of Oregon, where Fernandez is incarcerated. See Hernandez, 204 F.3d at 864. Fernandez has a pending § 2241 petition in the District of Oregon seeking admission into the BOP RDAP and must await a decision by that court to challenge the execution of his sentence.

> 2. Fernandez Waived His Right to Seek Amendment of His Presentence Report And Shows No Ineffective Assistance of Counsel.

Although a § 2255 petition is not the proper vehicle for seeking the kind of amendment to a presentence report that Fernandez seeks, the court recognizes that it has the inherent power to amend a presentence report, even after sentencing. This court, however, does not usually exercise that power to reverse a deliberate decision made by the defense. Moreover, Fernandez waived his right to seek amendment of the presentence report by not asserting his challenge at or before sentencing or on direct appeal. He also waived that challenge in his plea agreement.

The right to challenge information in a presentence report is waivable. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir. 1990) (agreeing with the district court that

defendant had waived his right to attack the presentence report when he did not challenge it during sentencing or raise the issue prior to bringing a § 2255 petition).  Because Fernandez did not challenge the presentence report during sentencing or in a direct appeal, he waived his right to seek amendment of the presentence report.  See Donn, 661 F.2d at 824 ("A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal.").

Additionally, Fernandez entered into a plea agreement in which he

> waives his right to challenge his sentence or
> the manner in which it was determined in any
> collateral attack, including, but not limited
> to, a motion brought under Title 28, United
> States Code, Section 2255, except that the
> defendant may make such a challenge (1) [if
> the court departed upward from the guideline
> range determined by the court] and (2) based
> on a claim of ineffective assistance of
> counsel.

Memorandum of Plea Agreement ¶ 13.  Fernandez attempts to fit within the second of the above retentions of the right to bring a collateral challenge.  However, Fernandez fails to show that his counsel was ineffective in advising him not to answer a probation officer's questions about drug abuse.[1]

---

[1] The Sixth Amendment right to counsel guarantees a defendant assistance of counsel when confronted by "prosecutorial forces."  Accordingly, a defendant only has a Sixth Amendment right to counsel when there is an adversarial proceeding.  United

To succeed on a claim of ineffective assistance of counsel, Fernandez must demonstrate (1) that counsel's performance and assistance was deficient, or "fell below an objective standard of reasonableness" of "prevailing professional norms," and (2) that counsel's performance prejudiced

---

States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991). A probation officer that compiles the presentence report is not an agent of prosecution, but is a neutral, information gathering agent or arm of the court. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir. 1990). The Sixth Amendment is therefore inapplicable to routine questioning of a defendant by a probation officer.

Additionally, the Sixth Amendment right to counsel guarantees the right to counsel only at critical stages of the proceedings. See United States v. Benlian, 63 F.3d 824, 827 (9th Cir. 1995). The Ninth Circuit has held that a defendant's presentence interview with a probation officer is not a critical stage of the adversary proceedings. See id. at 827. In Benlian, the court noted "that, if the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance." Id. at 827. Although the Ninth Circuit recently held that the presentence interview is a "critical stage" of the proceeding in a non-routine capital case, Hoffman v. Arave, 236 F.3d 523, 537-38 (9th Cir. 2001), the Ninth Circuit did not overrule its earlier precedent indicating that a routine presentence interview does not involve a critical stage of the adversary proceeding such that a defendant has a right to counsel.

Given the above law, there could not have been a Sixth Amendment violation during the probation officer's questioning. Counsel was, in any event, present during that questioning. Indeed, this court had assured Fernandez, as the court typically does during guilty plea colloquies, that he could have his counsel present when answering the questions posed by the probation officer preparing the presentence report. As discussed later in this order, even assuming counsel's conduct during the question-and-answer session were considered, it was not deficient.

petitioner's defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  Counsel's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.  In determining whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S. at 689.  "In evaluating the reasonableness of counsel's actions, a reviewing court must consider the circumstances at the time of counsel's conduct, <u>Strickland</u>, 466 U.S. at 690, and cannot 'second-guess' counsel's decisions or view them under the 'fabled twenty-twenty vision of hindsight.'"  <u>Edwards v. Lamarque</u>, 475 F.3d 1121, 1127 (9th Cir. 2007).  To demonstrate prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694.  If either prong of this test is not satisfied, the court must find that counsel's performance was constitutionally effective.  <u>See</u> <u>id.</u> at 696.

      Fernandez fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and fails to demonstrate that Ms. Tower's advice and/or actions prejudiced him.  <u>Strickland</u>,

466 U.S. at 689. During sentencing, Ms. Tower actually asked the court to recommend that Fernandez be admitted into the BOP RDAP. This is exactly what Fernandez wanted. The court, relying on what little information it had, did indeed recommend the BOP RDAP.

Ms. Tower's actions during questioning for the presentence report and during sentencing were well within the scope of reasonable conduct by a criminal attorney. Ms. Tower made a tactical decision in advising Fernandez to remain silent during questioning for the presentence report. As a result, Fernandez's drug history was not included in the presentence report. Counsel generally will not be deemed ineffective for making tactical decisions. See Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) ("[Petitioner's] disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel."); Thorsteinsson v. I.N.S., 724 F.2d 1365, 1367 (9th Cir. 1983) (counsel's tactical decision not to raise a potential defense did not constitute ineffective assistance of counsel).

A defendant's drug history is a factor that a judge reading a presentence report may consider when determining a sentence. This court accepted Fernandez's guilty plea before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which made the sentencing guidelines advisory. The

court, however, was very much aware that the law of sentencing might change and so informed Fernandez during the guilty plea colloquy.  In his plea agreement, Fernandez agreed to application of the guidelines to his sentence.  By the time Fernandez was sentenced, Booker had been decided.  Even under the guidelines, the court had discretion as to where in the applicable guideline range the sentence should fall.  Certainly, post-Booker, the court could have considered the "history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1).  A history of substance use could conceivably be considered in imposing a longer sentence.

   Ms. Tower, in advising Fernandez to remain silent, may have been concerned that his substance abuse history might have concerned the court enough to affect his sentence.  For that reason, Ms. Tower's tactical decision did not make her constitutionally ineffective.  See, e.g., Thorsteinsson, 724 F.2d at 1367.  After all, Fernandez's sentence might have been worse had his drug history been detailed in the presentence report.[2]

---

[2] While Fernandez asserts that the absence of his drug history from the presentence report is the only reason he has been deemed ineligible for the BOP RDAP, it bears noting that, even if eligible, Fernandez would not be guaranteed participation in the program.  There must be space available in the program, and Fernandez must have sufficient time left on his prison term to complete the program when space becomes available.

V.          CONCLUSION

The petition is denied without a hearing.  This ruling renders moot Fernandez's request for appointment of counsel.

The Clerk of the Court is directed to send this order to Fernandez and to Assistant United States Attorney Kenneth Sorenson, to enter judgment for the United States, and to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 1, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Leslie Fernandez v. United States, Civil No. 07-395 SOM/LEK; Crim. No. 03-00594 SOM; ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 PETITION