```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

LESLIE J. FERNANDEZ,            )   CIVIL NO. 07-00395 SOM/LEK
                                )   CRIM NO. 03-00594 SOM (01)
            Petitioner,         )
      v.                        )
                                )
UNITED STATES OF AMERICA,       )   ORDER DENYING REQUEST FOR
                                )   CERTIFICATE OF APPEALABILITY
            Respondent.         )
_____ )
```

ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

      On August 2, 2007, this court denied Leslie John Fernandez's petition under 28 U.S.C. § 2255, and judgment was entered that same day.  On August 27, 2007, Fernandez filed a Notice of Appeal from that order and judgment.  The Notice of Appeal included a notation that it was also a "Motion for Certificate of Appealability."  This court denies the request for a certificate of appealability.

      In his § 2255 petition, Fernandez sought an amendment to a statement in the Presentence Investigation Report that he had declined to answer a probation officer's questions about his substance abuse history.  Fernandez did not dispute the accuracy of that statement, but said instead that it was preventing him from being considered for the Bureau of Prisons' comprehensive drug treatment program.  In denying the § 2255 petition, this court noted that Fernandez was not seeking relief from any judgment.  In fact, the court noted that Fernandez was properly

challenging the Bureau of Prisons' method of determining eligibility for the treatment program in a separate lawsuit filed under 28 U.S.C. § 2241.

To the extent Fernandez claimed that his counsel had been ineffective in advising him not to discuss his substance abuse history with the probation officer, this court found no evidence of ineffectiveness.  Counsel made a tactical decision in advising Fernandez.  Moreover, this court, in spite of Fernandez's refusal to divulge his substance abuse history to the probation officer, affirmatively recommended that the Bureau of Prisons enroll Fernandez in its comprehensive drug treatment program.

Because Fernandez cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability on any issue.  Fernandez cannot "show . . . that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further."  Beardslee v. Brown, 393 F.3d 899, 903 (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)), as supplemented by 393 F.3d 1032 (9th Cir. 2004).

Fernandez, of course, remains free to seek such certification from the Ninth Circuit.  See 28 U.S.C. § 2253(c); see also In re Certificates of Appealability, 106 F.3d 1306, 1307

(6th Cir. 1997) (administrative order stating that, "[w]hen a district court has denied certification as to all issues raised in a habeas petition and no express request for a certificate is filed, or the notice of appeal does not specify the issues which a petitioner seeks to have certified, then the notice of appeal constitutes a request to have all the issues raised in the petition be reviewed by a judge of the court of appeals.").

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 28, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Leslie Fernandez v. United States, Civil No. 07-00395 SOM/LEK; Crim. No. 03-00594 SOM; ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY